THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HAROLD O. CARLSON and Another, Appellants.

Fourth Department, November 23, 1927.

Crimes — evidence — defendants were convicted of grand larceny, first degree — prejudicial error, under Civil Practice Act, § 791, to permit prosecution to show one defendant record of examination in proceedings supplementary to execution, and cross-examine him thereon for purpose of affecting his credibility.

The conviction of the defendants of grand larceny in the first degree is reversed, since it was prejudicial error, under section 791 of the Civil Practice Act, for the court to permit the prosecution to show one defendant, who was a witness, the record in proceedings supplementary to execution, in which he had appeared as a witness, and cross-examine him in reference to the answers given in those proceedings.

APPEAL by the defendants from a judgment of the County Court of the county of Chautauqua rendered on the 11th day of July, 1927.

*Harry M. Young* and *J. Francis Harter*, for the appellants.

*Glenn W. Woodin*, District Attorney [*John S. Leonard*, Assistant District Attorney, of counsel], for the respondent.

SAWYER, J. The testimony on which these defendants were convicted presented a fair question of fact and, but for the errors hereafter discussed, the determination of the jury would be controlling on this court.

The defendant Willard was an employee of the defendant Carlson and in the effort to collect a judgment against him both had been examined in proceedings supplementary to execution as to the amount being paid Willard for his services. On cross-examination

by the district attorney, Carlson was shown the record in that proceeding and identified his signature thereto. Questions and answers purporting to be contained therein were then read to him and he was called upon to say whether same correctly stated his testimony, after which he was asked which were true, the answers given upon this trial or those given in the supplementary proceeding. This method of cross-examination was frankly for the purpose of affecting Mr. Carlson's credibility and the same method of discrediting Mr. Willard was later adopted.

In his summary to the jury the district attorney commented on the effect of the testimony but, on objection in behalf of defendants being interposed, desisted. The charge of the learned trial judge discussed this testimony and specifically submitted it for the jury's consideration as bearing upon the weight to be given to the testimony of defendants.

We think all this to have been an invasion of their statutory rights. Section 791 of the Civil Practice Act provides that an answer of either a party or a witness, given in proceedings of that character, cannot be used as evidence against the person so answering in a criminal action or a criminal proceeding.

This section was formerly section 2460 of the Code of Civil Procedure and has remained unchanged in phraseology from the adoption of the amendment to that section in 1881 which excluded from its benefits witnesses in civil actions and proceedings. (See Laws of 1880, chap. 178; Laws of 1881, chap. 122.) The section is mandatory and makes all parties or witnesses in criminal prosecutions immune from examination concerning such testimony. (*Loomis* v. *People,* 19 Hun, 601; *Lapham* v. *Marshall,* 51 id. 36; *People* v. *Doyle,* 58 id. 535; *Steinhart* v. *Farrell,* 3 N. Y. St. Repr. 292; *People ex rel. Roache* v. *Hanbury,* 145 N. Y. Supp. 483, 487.)

The holding in *Barber* v. *People* (17 Hun, 366) which limited the scope of the section to cases where the facts testified to are attempted to be shown from the evidence given in such examination is not in accord with the later expressions on the subject and is in conflict with the plain command of the statute. The examination of defendants in relation to their former testimony at first proceeded without objection but later was attempted to be excluded as not being proper cross-examination; this was overruled, the court making clear that it considered the testimony competent as bearing upon the credibility of the witnesses. Proper exceptions were also taken to the comments of counsel in summary and to the remarks on the subject in the charge of the court. While the objection might well have been more precisely stated by specific reference to the prohibition of the statute, we think it sufficient.

*People* v. *Doyle* (*supra*) is authority for the proposition that the reception of such evidence warrants a reversal even though no exception thereto has been taken.

Defendants testified to a state of facts which, if believed by the jury, would have warranted their acquittal. We are unable to gauge the extent to which this incompetent evidence may have led the jury to discredit and disbelieve them. Whether they would have been otherwise acquitted must be mere speculation, but the circumstances forbid our overlooking the error as immaterial. Defendants are entitled to the trial guaranteed by the statute and the present judgment should, therefore, be set aside.

The judgment of conviction is reversed and a new trial in the Chautauqua County Court directed.

All concur. Present — HUBBS, P. J., CLARK, SEARS, CROUCH and SAWYER, JJ.

Judgment of conviction reversed on the law and a new trial granted.    —